23-7166
Sopa-Cahuana v. Blanche

BIA
Drucker, IJ
A220 999 352/353

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-six.

PRESENT:
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

ERLINDA ENCARNACION SOPA-CAHUANA, I.D.B.-S.,
> *Petitioners*,

v. 23-7166
NAC

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,[1]

_____

[1] The Clerk of Court is directed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

*Respondent.*

_____

FOR PETITIONERS:            Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:            Brian Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Sanya Sarich Kerksiek, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Erlinda Encarnacion Sopa-Cahuana and her minor son, natives and citizens of Ecuador, seek review of an August 23, 2023 decision of the BIA affirming an August 17, 2022 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Erlinda Encarnacion Sopa-Cahuana*, Nos. A 220 999

_____

[2] We do not discuss the CAT claim because, as the Government notes, Sopa-Cahuana failed to exhaust it on appeal to the BIA. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

352/353 (B.I.A. Aug. 23, 2023), *aff'g* Nos. A 220 999 352/353 (Immig. Ct. N.Y. City Aug. 17, 2022).   We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily affirmed without opinion, "we review the IJ's decision as the final agency determination."   *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).   We review fact-finding under the substantial evidence standard and we generally review questions of law de novo.   *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851–54 (2026) (holding that an agency's persecution determination—both the factual findings and the application of law to fact—is reviewed under the substantial evidence standard).   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

Sopa-Cahuana does not meaningfully challenge the IJ's dispositive findings that she had limited credibility, that her testimony was not sufficiently persuasive, and that she had not corroborated her claim, i.e., that she did not meet her burden of proof.   An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution, *see* 8 C.F.R. §§ 1208.13(b),

3

1208.16(b), and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (the "one central reason" standard applies to both asylum and withholding of removal).

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C). A lack of corroboration can be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented, provides the applicant with a chance to explain the omission, and assesses that explanation. *See Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018).

Sopa-Cahuana references these principles in a perfunctory manner and uses boilerplate legal language to do so. Such passing references, unconnected to the

record and asserted without further development, are insufficient to preserve review of the burden finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim "abandoned" when addressed in "only a single conclusory sentence"). To the extent Sopa-Cahuana argues that she should not have been required to corroborate her testimony, she ignores that the IJ also found her claim minimally credible, lacking in persuasiveness, and inherently implausible. *See Garland v. Ming Dai*, 593 U.S. 357, 371–72 (2021) ("[E]ven if the BIA treats an alien's evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof."). She has therefore abandoned review of the burden finding, as she does not explain why her claim is plausible or address the country conditions evidence, and she does not allege that any documentary evidence identified by the IJ was unavailable. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

Even if adequately raised before this Court, however, any challenge to the corroboration finding is unexhausted because Sopa-Cahuana did not address that

finding on appeal to the BIA, and the Government has invoked the exhaustion requirement. "To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." *Vera Punin*, 108 F.4th at 124. This requirement is mandatory when the Government raises it. *See Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023). The corroboration finding is dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C); *Wei Sun*, 883 F.3d at 27–31.

The arguments Sopa-Cahuana's counsel Michael Borja has raised here are inapposite and inadequately argued. Rather than challenging the dispositive burden finding, he misstates that the IJ denied asylum for lack of a nexus. He also incorrectly asserts that the IJ failed to examine Sopa-Cahuana's CAT claim when in fact the IJ denied CAT relief on the merits. Further, his brief raises an erroneous and previously rejected legal argument—that withholding of removal has a less-stringent nexus standard than asylum, despite our holding that the "one central reason" nexus requirement for asylum applies to both forms of relief. *See Quituizaca*, 52 F.4th at 109–14. Given these defects in briefing, a copy of this order will be forwarded to the Grievance Panel.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court